UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| MAM ATB Owner II, LLC | * | |
|     Plaintiff | * | Civil Action no.: |
| v. | * | |
| Tankers International Corp. | * | IN ADMIRALTY |
|     Defendant | * | |
| And | * | |
| Bank of America | * | |
|     Garnishee | * | |

**MAM ATB OWNER II LLC'S VERIFIED COMPLAINT**

Plaintiff, MAM ATB Owner II, LLC, submits this for its Verified Complaint against

Defendant, Tankers International Corp., and garnishee, Bank of America, and would respectfully

plead in support thereof the following:

**JURISDICTION AND VENUE**

1. This is an action instituted in accordance with the provisions of the Federal Arbitration

Act, 9 U.S.C. § 1 et seq. (the "FAA") in order to obtain security and jurisdiction, and no waiver

is intended of the rights of Plaintiff to commence arbitration in accordance with the terms, and

conditions of the hereinafter described time charter agreement between MAM and TI.

2. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the  Federal

Rules of Civil Procedure and 28 U.S.C. § 1333 because it involves a claim for breach of certain

maritime contracts, i.e., the time charter of two vessels, a tug and barge. The claims herein are

brought under Rule B to the Supplemental Rules for Admiralty or Maritime Claims & Asset

Forfeiture Actions ("Rule B").

## PARTIES

3. At all material times, MAM was, and still is, an entity organized and existing under the laws of the State of Delaware with an address of 251 Little Falls Drive, Wilmington DE. At all material times, MAM and TI were parties to a time charter under which MAM chartered two vessels, a tug and barge, to TI in exchange for the payment of charter hire and other promises.

4. At all material times, TI  was and is a Florida corporation.

5. TI cannot be found within this District within the meaning of Rule B, but as alleged herein and upon information and belief, has, or will have during the pendency of this action, debts, accounts and property in this District.

6. Upon information and belief, at all material times, Bank of America was, and still is, a national bank organized and existing under the laws of Delaware, but registered to do business in the State of Texas with its headquarters in North Carolina. Bank of America can be served with process through its registered agent CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201

7. This is an action to obtain jurisdiction over TI and security for MAM's claims that arise out of TI's breaches of the charter which is attached hereto as Exhibit A.

## BACKGROUND

### A. The Time Charter

8. On October 7, 2025, MAM and TI entered into the Time Charter for TI to time charter from MAM a tug and barge, specifically, the Prospect Park, Official Number 1258773, and the MAM 80, Official Number1258845, respectively,  on terms set forth in the contract attached hereto as Exhibit A (the "Time Charter"). The term of the Time Charter was "Up to Dry Dock Period, Drop Dead Date March 4, 2026."

### B. The Addendum

9. On November 5, 2025, the parties entered into an addendum (the "Addendum") cancelling the Time Charter and agreed that a lump-sum payment was therefore due from TI in the amount of $985,500.00. The Addendum is attached hereto as Exhibit B.

**C. The Default**

10. TI has, to date, not paid the amounts due under the Time Charter and the Addendum, despite repeated demand by MAM and repeated written undertakings by TI assuring prompt payment was forthcoming.

**APPLICATION FOR RULE B RELIEF**

11. The requirements of Rule B are met.

12. First, MAM has a valid maritime claim against TI, i.e., a claim for breach of the aforementioned charter, which is a maritime contract.

13. Second, TI cannot be found within the District. (See attached Attorney's Declaration that Defendant Cannot Be Found Within the District)

14. Third, upon information and belief TI has, or soon will have, property located within the District. More particularly, upon information and belief, garnishee, Bank of America, may hold deposit accounts or other balances in favor of TI. The debt can be found within this district because Bank of America is subject to personal jurisdiction in this district.

15. Fourth, there is no statutory bar to recovery.

16. Accordingly, MAM seeks jurisdiction over TI through attachment of its property within this District pursuant to the process of maritime attachment and garnishment to be issued against such property pursuant to Rule B in order to secure its claims in prospective arbitration and/or litigation. Such relief is proper pursuant to FAA § 8 and Rule B of the Supplemental Admiralty Rules of Procedure.

3

17. MAM agrees to release and hold harmless and indemnify the United States of America, the United States Marshal, their agents, servants, employees and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the attachment of TI's property, including, but not limited to, any debts owed by Bank of America to TI.

WHEREFORE, premises considered, MAM prays:

1. That process in due form of law according to the practice of this Honorable Court issue against Defendant, TI, and Garnishee, Bank of America, Inc., citing them to appear and answer to the allegations herein and all process issued by this Court;

2. That this Court issue an Order directing the Clerk of Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Supplemental Admiralty Rules of Procedure over all of TI's tangible or intangible property in this district due, owing, or otherwise claimed as property of TI including, but not limited to, any deposit accounts held or other balances in favor of, or money owed by Bank of America with respect to TI;

3. That as soon as practical following the attachment and/or seizure of TI's money, property, goods, chattels, credits and/or effects herein, a further hearing be held by this Court to hear any objections TI may have to the attachments and/or seizures herein;

4. That a judgment be entered in favor of MAM in the amount of its claims, together with interest, costs and reasonable attorneys' fees incurred by MAM, and that a decree of condemnation issue against the property of TI for the amount of MAM claims, with interest, reasonable attorneys' fees and costs; and

5. All other relief to which MAM may be entitled to and further relief as justice of the cause may require.

Respectfully submitted,

By:

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
JOSEPH P. BRIGGETT (Tex. Bar no. 24147551)
TREVOR C. MOSBY(Tex. Bar No. 24151693)
201 St. Charles Avenue, Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email: jbriggett@bakerdonelson.com
          Tmosby@bakerdonelson.com
AND

Rebecca N. Reynolds, Esq. (Fla. #1048963)
Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC
200 South Orange Avenue, Suite 2050
Orlando FL, 32801
Direct: 407.367.5407
Email: rreynolds@bakerdonelson.com

*Attorneys for Petitioner,* **MAM ATB Owner II, LLC**

5